UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON THOMAS BROCK, | ) |
| | ) |
|     Petitioner/Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-18-381-G |
| | ) |
| OKLAHOMA COUNTY | ) |
| DETENTION CENTER et al., | ) |
| | ) |
|     Respondents/Defendants. | ) |

## ORDER

This matter comes before the Court on Petitioner Aaron Thomas Brock's Objection to the Report and Recommendation of United States Magistrate Judge Shon T. Erwin, *see* Pet'r's Obj. to Mag. Judge's R. & R. (Doc. No. 6), as well as Petitioner's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 7), Motion Requesting Permission for Petitioner to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915 (Doc. No. 10), and Motion for Discovery During Habeas Proceeding (Doc. No. 11).[1]

BACKGROUND

1. State Court and Prior Federal Court Proceedings

Petitioner Aaron Thomas Brock ("Petitioner") was charged on December 11, 2015, by Information filed in the District Court for Oklahoma County, Oklahoma, with one count

---

[1] In resolving the pending matter, the Court has taken judicial notice of various state court records. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (court may exercise "discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

of Robbery with a Dangerous Weapon, Okla. Stat. tit. 21, § 801, and one count of Conspiracy to Commit a Felony, to-wit: Robbery with a Dangerous Weapon, *id*. § 421. *See State v. Brock*, No. CF-2015-8935 (Okla. Cty. Dist. Ct.). An arrest warrant issued, but Petitioner was not then arrested or detained on these charges. *See* Emerg. Pet./Compl. (Doc. No. 1) at 6.[2]

Prior to this time, Petitioner in January 2011 had been charged in a Criminal Complaint filed in the United States District Court for the Western District of Oklahoma, *United States v. Brock*, No. 11-mj-3-P (W.D. Okla.), and then by Information with one count of Bank Robbery, 18 U.S.C. § 2113(a). *United States v. Brock*, No. CR-11-32-HE (W.D. Okla.). After a plea of guilty, Petitioner was sentenced on August 19, 2011, to a term of imprisonment of 36 months, followed by two years of supervised release. *See id*. Judg. (Doc. No. 27) (Heaton, J.). Petitioner's supervised release was revoked on March 8, 2016, after Petitioner violated certain terms and conditions of his release, and he was remanded to the custody of the Bureau of Prisons ("BOP") for a term of 24 months. *See id*. Rev. of Prob./Super. Rel. (Doc. No. 80) (March 8, 2016) (Minute of Proceedings); Order of Rev. on Super. Rel. (Doc. No. 81) (March 18, 2018) (Heaton, C.J.).

On August 3, 2016, the United States Penitentiary in Florence, Colorado ("Penitentiary"), at which Petitioner was then incarcerated, sent a "Detainer or Notification Action Letter" ("Action Letter") addressed to "Oklahoma County Courthouse, 321 Park Avenue, Rm. 315, Oklahoma City, OK 73012." *See* Emerg. Pet./Compl. Ex. A (Doc. No.

---

[2] Citations to documents filed electronically in this Court use the CM/ECF pagination.

1-1) at 2. That document advised that Petitioner was serving a federal sentence, with a projected release date of November 6, 2017. *See id*.

The document further stated that the Penitentiary was in receipt of a violation report, the subject of which was Petitioner's involvement in a robbery with a dangerous weapon and a conspiracy to commit a felony. The recipient, "Oklahoma County Courthouse," was asked to "advise what disposition, if any, ha[d] been made of the case,"[3] *id*., and was told that if it "wish[ed] a detainer placed, it [would] be necessary for [it] to forward a certified copy of [its] warrant . . . along with a cover letter stating [its] desire to have [the warrant] . . . lodged as a detainer," *id*., but if there was "no further interest in . . . [Petitioner], [to] please forward a letter indicating so." *Id*. The Penitentiary received no response to its Action Letter. *See* Emerg. Pet./Compl. at 6.

On October 3, 2016, the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), to which Petitioner had been transferred, faxed a "Detainer Action Letter" ("Second Action Letter") addressed to "Oklahoma County: 7th Judicial District, Attn: David W. Prater, District Attorney, 320 Robert S. Kerr Ave., Ste. 505, Oklahoma City, OK 73012 405/713-1600 FAX: 405/713-7178." *See id*. Ex. B (Doc. No. 1-2) at 2. The document read "2nd AND FINAL NOTICE." *Id*.

The Second Action Letter advised that USP Terre Haute was in receipt of a violation report relating to Petitioner and that Petitioner "ha[d] an unknown disposition for Robbery with a Dangerous Weapon and Conspiracy to Commit a Felony." *Id*. (capitalization

---

[3] The Action Letter listed the "Case/Dkt #/WRNT" as "UNLKNOWN [sic]." Emerg. Pet./Compl. Ex. A (Doc. No. 1-1) at 2.

3

modified to initial capitals only). The recipient, District Attorney Prater, was asked to "advise what disposition, if any, ha[d] been made of the case(s),"[4] *id.*, and told that if he "wish[ed] a detainer be placed, it [would] be necessary for [him] to forward a certified copy of [his] warrant . . . along with a cover letter stating [his] desire to have it lodged as a detainer." *Id*. (emphasis deleted).

On April 17, 2017, the Oklahoma County Sheriff's Office, Judicial Services Division, faxed a copy of Petitioner's arrest warrant dated December 15, 2015, to USP Terre Haute. The cover page read:

> Please use this fax and copy of our warrant to place a hold on the above individual. We will extradite on his release date, if you need anything else just let me know.

Emerg. Pet./Compl. Ex. C (Doc. No. 1-3) at 2. The attached arrest warrant bore three numbers: a typewritten number, "CASE No. CF15108867," a handwritten number, "15-57484," and a stamped number, "CF-2015-8935." *See id*. at 3.

After being informed about USP Terre Haute's receipt of the arrest warrant and about his rights and obligations under the Interstate Agreement on Detainers Act ("IADA," "IAD," or "Act"), 18 U.S.C. App. 2, §§ 1-9; Okla. Stat. tit. 22, §§ 1345-1349,[5] Petitioner in April and May 2017 executed and/or assembled certain BOP forms that were necessary

---

[4] The Second Action Letter listed the "Case/Dkt #" as "Unknown." *Id*. Ex. B (Doc. No. 1-2) at 2.

[5] The Act is a compact among the States, the District of Columbia, and the United States. "It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341 (1994). *See* 18 U.S.C. App. 2, § 2. Oklahoma is a participating State. *See* Okla. Stat. tit. 22, § 1347.

to initiate a request for disposition of the charges pending against him. *See* Emerg. Pet./Compl. Ex. D (Doc. No. 1-4). Those documents included an IAD-Notice of Untried Indictment,[6] Inmate Request to Staff, IAD-Place of Imprisonment,[7] IAD-Certificate of Inmate Status, IAD/State Writ-Prosecutor's Certification, IAD Form VI-Evidence of Agent's Authority, and IAD Form VII-Prosecutor's Acceptance of Temporary Custody. *See id*. at 2-11.

Copies of these forms were received by the Oklahoma County District Attorney's Office ("DA's Office") on May 30, 2017, *see id*. Ex. E (Doc. No. 1-5) at 2, and by the Oklahoma County Clerk's Office ("Clerk's Office") on May 31, 2017. *See id*.[8]

On June 20, 2017, Petitioner mailed a pro se "Motion to Move Courts for Speedy Deposition [sic] Under (IADA)," *see id*. Ex. F (Doc. No. 1-6), to the District Court for Oklahoma County, Oklahoma. The title in the caption read "*State of Oklahoma v. Aaron Thomas Brock*," with "No. CF-2015-8935" as the case number. *See id*. at 2. Upon receipt,

---

[6] The document advised Petitioner that he had "the right to request the appropriate prosecuting officer of the jurisdiction in which any such [untried] indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof." Emerg. Pet./Compl. Ex. D (Doc. No. 1-4) at 2. It further advised Petitioner that he "shall . . . be brought to trial within 180 days, unless extended pursuant to . . . the [Act]." *Id. See* 18 U.S.C. App. 2, § 2, Art. III(a); Okla. Stat. tit. 22, § 1347, Art. III(a).

[7] The form identified District Attorney Prater as the "prosecuting officer" and advised Prater that his "[f]ailure to take action in accordance with the . . . Act, . . . will result in the invalidation of the indictments, informations or complaints." Emerg. Pet./Compl. Ex. D (Doc. No. 1-4) at 4.

[8] Under the Act, an inmate has the burden to "deliver[ ] to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." 18 U.S.C. App. 2, § 2, Art. III(a). *See* Okla. Stat. tit. 22, § 1347, Art. III(a) (same).

the Clerk's Office forwarded copies of the motion to the assigned district judge and the DA's Office. *See id.* Ex. G (Doc. No. 1-7) at 9. In response, the state district court on July 25, 2017, ordered the DA's Office "to proceed on th[e] [captioned] . . . case," *id.* Ex. H (Doc. No. 1-8) at 2, and to bring Petitioner before the state court on November 27, 2017. *See id.*

On August 28, 2017, USP Terre Haute sent a letter addressed to "David W. Prater, District Attorney, Robert S. Keer [sic] Ave., Ste. 505, Oklahoma City, OK 73102." *Id.* Ex. I (Doc. No. 1-9) at 2. The letter informed the DA's Office that Petitioner had "applied for final disposition of pending charges pursuant to Article III of the . . . Act," *id.*, and that Petitioner, as required by the IADA, was "to be brought to trial . . . within 180 days from the date the [BOP] forms were received . . . ." *Id. See* 18 U.S.C. App. 2, § 2, Art. III(a); Okla. Stat. tit. 22, § 1347, Art. III(a). Because USP Terre Haute's records indicated that Petitioner's request had been delivered to the DA's Office on May 30, 2017, it was noted in the letter that "the 180 day time period will lapse on 11-26-2017." Emerg. Pet./Compl. Ex. I (Doc. No. 1-9) at 2.

Petitioner was not brought to Oklahoma County until December 2, 2017. *See* Emerg. Pet./Compl. Ex. G (Doc. No. 1-7) at 10. He was arraigned in state court on December 5, 2017. *See* Pet'r's Obj. to Mag. Judge's R. & R. Ex. H (Doc. No. 6-8) at 2.

On January 26, 2018, Petitioner filed a counseled motion to dismiss. Hearings on that motion, as amended January 30, 2018, were held on February 14, 2018, *see id.* Ex. I (Doc. No. 6-9), and March 9, 2018. *See id.* Ex. J (Doc. No. 6-10). The state district court denied Petitioner's motion on March 13, 2018. *See id.* Ex. K (Doc. No. 6-11).

After noting that Petitioner had done "everything in his power when he's sitting in Federal prison in Terre Haute, Indiana, to get this all together," *id.* at 18 (Vol. III Transcript of Mot. Hrg. on Mar. 13, 2018 at 67, lines 21-23 ("Tr. Hrg.")), the court stated that four factors must be present "to trigger," *id.* (Tr. Hrg. at 68, line 5),

6

the requirement that the defendant be brought to trial on charges within 180 days . . . . One, the defendant has entered upon a term of imprisonment in a penal or correctional institution of a party state. Two, during the continuance of that term of imprisonment the charges in question are pending against the defendant in another party state. Three, a detainer based on such charges has been lodged against the defendant. And, four, the defendant has caused written notice and request for final disposition of the charges to be delivered to the appropriate prosecuting authorities and court.

*Id*. (Tr. Hrg. at 68, lines 4-15). After reviewing the evidence, the state court found that while

> [w]e've got something from the Sheriff's Office, . . . a fax, that is dated April 17, 2017, . . . listing [Petitioner's] name and date of birth, that here's a copy of a warrant, place a hold on him[,]

*id*. (Tr. Hrg. at 68, lines 16-21),

> we've got nothing from the District Attorney's Office to the prison, we've got nothing in the District Attorney's Office file, we've got nothing in the court file on [Petitioner]. I . . . think [Petitioner] did everything he can, but . . . to bind the State of Oklahoma when there's no documents in the Court Clerk's file, no documents in the DA's file[,] there's been no detainer lodged by the District Attorney's Office, the prosecuting authority, against [Petitioner]. So for that I'm going to deny [Petitioner's] motion to dismiss.

*Id*. at 20 (Tr. Hrg. at 69, lines 9-17). The court then ordered Petitioner to trial on April 23, 2018. *See id*. at 21 (Tr. Hrg. at 70, lines 4-5).

On April 9, 2018, Petitioner, again through counsel, filed an "Application for Court to Assume Original Jurisdiction and Petition for Writ of Mandamus" in the Oklahoma Court of Criminal Appeals ("OCCA"). *See Brock v. The Honorable Timothy R. Henderson*, MA-2018-352 (Okla. Crim. App.). He urged the appellate court to compel respondent, Judge Timothy R. Henderson ("Respondent"), to order the DA's Office to

7

dismiss with prejudice the charges pending against Petitioner because his right to a speedy trial under the IADA had been violated.

The OCCA denied Petitioner's petition on April 20, 2018.  *See* Order Denying Pet. for Writ of Mandamus, No. MA-2018-352 (Okla. Crim. App. Apr. 20, 2018).  The state appellate court held that to be entitled to a writ of mandamus, a party must establish four elements, *see id*. at 1-2, and that Petitioner had failed to make the necessary showing as to the second element:  "'[R]espondent's refusal to perform a plain legal duty not involving the exercise of discretion.'"  *Id*. at 2 (quoting Rule 10.6(B), Rules of the Oklahoma Court of Criminal Appeals, Tit. 22, Ch. 18, App. 2018).  The OCCA noted that Respondent had "concluded from the evidence that delivery to the prosecuting officer and the [state] court did not occur as required under the IAD, albeit of no apparent fault of Petitioner's," *id*. at 4-5, and thus, "Petitioner did not meet the IAD requirement that he 'cause written notice to be delivered to the appropriate prosecuting authorities and court.'"  *Id*. at 3 (quotation omitted) (footnote deleted).  In its Order, the OCCA wrote:

> Th[e] record reveals that Respondent was presented with a disputed question of fact as to whether delivery actually occurred under the IAD.  Respondent resolved that dispute based on the evidence and statements of the parties as to what had occurred in connection with the notice and delivery that Petitioner sought to make upon the District Attorney and the District Court.  Respondent resolved that factual dispute against Petitioner.  Because there was some evidence . . . to support that decision, the question presented by Petitioner involves an exercise of discretion on the part of the District Court in weighing that evidence.  Petitioner's case is thereby removed from that class of cases for which the extraordinary writ of mandamus will lie, for it does not present a refusal by Respondent "to perform a plain legal duty not involving the exercise of discretion."

8

*Id.* at 5 (quotation omitted).[9]

Petitioner's trial began April 23, 2018, and the jury returned its verdict the next day. On June 1, 2018, the state court sentenced Petitioner to a term of 30 years on Count One, Robbery with a Dangerous Weapon, and a term of 5 years on Count Two, Conspiracy to Commit a Felony, to-wit: Robbery with a Dangerous Weapon. The state court ordered the sentences to run consecutively. *See* Pet'r/Pl.'s Supp. Proc. History for Pet. (Doc. 8) at 2.

2. Federal Proceedings

Petitioner, appearing through counsel, filed the instant action on April 23, 2018, and in his combined Emergency Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241 and Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ("Complaint"), *see* Emerg. Pet./Compl. ¶ 6, asserted that his "continued unlawful arrest and detention . . . is in violation of the Constitution and the laws of the United States." *Id.*[10] More particularly, Petitioner alleged that his "continued detention deprive[d] [him] of his freedom and . . . rights conferred . . . by the . . . Act and his rights to a Speedy Trial." *Id.* at 20.

At the time he brought suit, Petitioner was awaiting trial in the state district court, *see State v. Brock*, No. CF-2015-8935, and he not only sought his immediate release from

---

[9] The OCCA noted that "any error" committed by Respondent "in the exercise of . . . [his] discretion must be reserved for appeal should Petitioner be convicted." Order Denying Pet. for Writ of Mandamus, No. MA-2018-352 (Okla. Crim. App. Apr. 20, 2018) at 5 (citations omitted).

[10] Although Petitioner also labeled his initiating document a "Complaint," *see* Emerg. Pet./Compl. (Doc. No. 1), it is clear Petitioner is seeking federal habeas relief under § 2241.

9

the Oklahoma County Detention Center, where he was being held pursuant to an order issued by Judge Henderson, but also sought to enjoin Respondents P. D. Taylor, in his official capacity as Sheriff of Oklahoma County, Prater, in his official capacity as District Attorney for Oklahoma County, and Judge Henderson, in his official capacity as Judge for the District Court for Oklahoma County, from further detaining him and/or from prosecuting him in connection with the charges then pending in Case No. CF-2015-8935.

In his Report and Recommendation, which issued on April 24, 2018, immediately after Petitioner's jury trial had concluded, Magistrate Judge Erwin, relying on *Younger v. Harris*, 401 U.S. 37 (1971),[11] recommended that the Court abstain from further action in the matter and dismiss Petitioner's Petition without prejudice. *See* R. & R. (Doc. No. 5).

Petitioner was advised of his right to object to Magistrate Judge Erwin's findings and recommendation, *see id*. at 10, and did so. In his Objection to Magistrate Judge's Report and Recommendation, Petitioner has stated that "the issue of abstention is now moot," Pet'r's Obj. to Mag. Judge's R. & R. (Doc. No. 6) at 2, since he has been convicted and sentenced in the state court action. Petitioner has argued that "the issue [raised in his Petition, nevertheless,] remains viable and jurisdiction remains with this [C]ourt," *id*., and he has requested that the "Court grant the writ of habeas corpus and dismiss the underlying state case and conviction with prejudice." *Id*. at 14. The case was reassigned to the undersigned on September 7, 2018. *See* Order (Doc. No. 9).

---

[11] *See Younger*, 401 U.S. at 46 (federal courts should ordinarily refrain from interfering in ongoing state criminal proceedings, absent "irreparable injury" that "is 'both great and immediate'").

DISCUSSION

Petitioner has contended that his "challenge to the validity of the . . . state criminal proceeding sounds in habeas corpus, and [that] the Court [should] liberally construe this matter as a petition arising under 28 U.S.C. § 2241." Pet'r's Obj. to Mag. Judge's R. & R. at 3.[12] Because Petitioner was being detained for purposes of prosecution at the time he filed his Petition, "and not pursuant to a judgment of conviction, the [P]etition was appropriately brought under § 2241 . . . and sought relief tailored to the pretrial context: forestalling [Petitioner's] imminent prosecution through a release from state custody . . . and dismissal of the state charges." *Miller v. Glanz*, 331 F. App'x 608, 609-10 (10th Cir.

---

[12] In this circuit, a denial of rights under the IADA is a violation of federal law cognizable in a federal habeas corpus petition if "'special circumstances' exist." *Knox v. Wyo. Dep't of Corr. State Penitentiary Warden*, 34 F.3d 964, 967 (10th Cir. 1994) (quoting *Greathouse v. United States*, 655 F.2d 1032, 1034 (10th Cir. 1981)). *See Stallings v. Franco*, 576 F. App'x 820, 821 (10th Cir. 2014); *Raifsnider v. Colo.*, 299 F. App'x 825, 827 (10th Cir. 2008) (while IADA violation could rise to level of a constitutional violation, such "violation does not 'rise to a constitutional deprivation' without, at the very least, a showing that 'actual prejudice' resulted from the violation"); *Dobson v. Hershberger*, 1997 WL 543370 *2 (10th Cir. Sept. 3, 1997). *Cf. Knox*, 34 F.3d at 967 ("[w]e believe the [Supreme] Court's analysis in *Reed* [*v. Farley*, 512 U.S. 339 (1994), that a failure to observe the speedy trial requirement of the IADA is not cognizable in a habeas corpus proceeding when defendant has 'suffered no prejudice attributable to the delayed commencement,' *id*. at 352,] supports our ruling in *Greathouse* that only 'special circumstances' permit collateral attack for violations of the IAD"). "Special circumstances" arise "when [the alleged] errors qualify as fundamental defects resulting in a complete miscarriage of justice or omissions inconsistent with demands of fair procedure." *Knox*, 34 F.3d at 967. Because the Petition is premature, the Court has not considered the issues presented therein or determined whether "[t]he circumstances of this case . . . describe any prejudicial error that qualifies as '"a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."'" *Id*. at 968 (quoting *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428, (1962) (further citations omitted))).

2009). Upon Petitioner's conviction and incarceration pursuant to that conviction, however, the allegations in his Petition that focused on pretrial custody became moot. *Id*.

To proceed, then, Petitioner's § 2241 Petition would need be converted to a petition under 28 U.S.C. § 2254 challenging his custody resulting from the state court conviction. As in *Miller*, the Court declines to do so for two reasons: (1) "even if [Petitioner's] IADA claim has been exhausted in preliminary pretrial proceedings . . . ,[13] a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court"; and (2) "recasting [the] current pleading as a § 2254 petition would have potentially prejudicial consequences for any later habeas petition [Petitioner] may wish to pursue in the event his conviction is affirmed on appeal-which would then be his second petition directed to the same conviction and, as such, subject to the constraints on second or successive petitions in 28 U.S.C. § 2244(b)." *Id.* at 610; *see Brock v. State*, No. F-2018-562 (Okla. Crim. App.) (docket reflecting that Petitioner's direct appeal to OCCA remains pending as of date of this Order).

CONCLUSION

Based on the record, the Court

---

[13] In *Miller*, as here, a pretrial detainee filed a § 2241 petition asserting "that his state custody and attendant prosecution violated the [IADA]." *Miller*, 331 F. App'x at 609. "The district court held that the IADA claim had been exhausted through a pretrial motion to dismiss, denied by the state trial court, and a petition for writ of prohibition, denied by the . . . [OCCA]." *Id.* at 610 n.1. The Tenth Circuit, on appeal, did not take issue with this finding. *See id.* at 610 (recognizing exhaustion of IADA claim "in preliminary pretrial proceedings"). The circuit court found, however, that the intervening conviction of the petitioner in state court, and subsequent, unresolved direct appeal to the OCCA, imposed "other impediments to habeas relief." *Id*.

12

(1) FINDS that the April 24, 2018 Report and Recommendation (Doc. No. 5) is MOOT based on the change of circumstances occasioned by Petitioner's conviction in state court;

(2) because Petitioner's appeal of his state criminal conviction is pending, further FINDS that resolution of the merits of the issues presented in the instant Petition must await completion of that appeal, even though those issues have already been preliminarily considered by the state courts, and therefore DISMISSES the Petition without prejudice;

(3) in so doing, DENIES as MOOT Petitioner's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 7), Motion Requesting Permission for Petitioner to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915 (Doc. No. 10),[14] and Motion for Discovery During Habeas Proceeding (Doc. No. 11); and

(4) pursuant to Rule 11, Rules Governing Habeas Cases Under § 2254, DECLINES to issue a certificate of appealability in this matter since there has been no showing by Petitioner "that jurists of reason would find it debatable whether the . . . [C]ourt was correct in its procedural ruling[s,]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), that the Petition's request for relief under § 2241 was rendered moot by Petitioner's conviction and that the Court should not construe the Petition as seeking relief under § 2254 while Petitioner's direct appeal remains pending in state court.

---

[14] The Court notes that counsel for Petitioner personally paid the $5.00 filing fee. *See* Pet'r's Mot. Requesting Permission for Pet'r to Proceed In Forma Pauperis (Doc. No. 10) at 1.

IT IS SO ORDERED this 14th day of January, 2019.

CHARLES B. GOODWIN
United States District Judge